UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL LEONARD THOMAS,

    Plaintiff,

v.                                         Case No. 8:16-cv-3482-T-33AEP

SHANE DERRYBERRY, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Al Nienhuis's, Hernando County Sheriff, Motion to Quash Service of Process (Doc. # 16), filed on May 1, 2017. Plaintiff Derrel Leonard Thomas, who is proceeding pro se, filed an "Objection to Quash Service of Process," which the Court construes as Thomas's response in opposition, on May 11, 2017. (Doc. # 19). For the reasons below, Nienhuis's Motion is granted.

**DISCUSSION**

On April 18, 2017, Thomas's wife delivered a copy of a summons to the Hernando County Sheriff's Office. (Doc. # 16-1 at ¶ 3). However, a copy of the Complaint was not included with the summons. (Id. at ¶ 4). Nienhuis now seeks an order from this Court quashing service, that is, an order declaring

1

service has not been properly accomplished.

Rule 4 prescribes that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Anyone who is at least eighteen years old and a nonparty may serve the "summons and complaint." Fed. R. Civ. P. 4(c)(2). When serving an individual within a judicial district of the United States, as is the case here, Rule 4 provides for two primary methods of serving: (1) following the law of the state where the district court is located, Fed. R. Civ. P. 4(e)(1), or (2) by one of three means expressly listed, Fed. R. Civ. P. 4(e)(2).

As to the applicable state law under Rule 4(e)(1), Florida law applies because this Court sits in Tampa, Florida. Section 48.031, Fla. Stat., prescribes the manner by which service must be made. In relevant part, section 48.031 states that service of process is "made by delivering a copy of it to the person to be served with a copy of the complaint . . . ." Fla. Stat. § 48.031(1)(a). For its part, Rule 4(e)(2) allows service to be accomplished by "delivering a copy of the summons and of the complaint to the individual personally" or by "delivering a copy of each[, that is, the summons and the complaint,] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P.

2

4(e)(2)(A), (C). Thus, under either Florida law or the Federal Rules of Civil Procedure, in order for service to be properly made, the summons must be delivered along with a copy of the complaint.

In this case, the record shows service was not properly accomplished. Although Thomas himself delivered a copy of an unexecuted summons along with a copy of the complaint (Doc. # 19 at 1), doing so was not sufficient because the summons did not contain the Clerk's signature as required under Rule 4(a)(1)(F) and a party to the action cannot be the process server under Rule 4(c)(2). In addition, although Thomas's wife, who is a nonparty to this action, delivered a copy of an executed summons to the Sheriff's Office, a copy of the Complaint was not included. (Doc. # 16-1 at ¶ 3). Because a nonparty has not served Nienhuis with a summons and a copy of the Complaint as required under Rule 4, service has not been properly accomplished.

While service has not been properly accomplished as to Nienhuis, the Court notes that the deadline for serving is not until May 22, 2017. Therefore, Thomas still has time to complete service of process as to Nienhuis.

Accordingly, it is

3

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Al Nienhuis's, Hernando County Sheriff, Motion to Quash Service of Process (Doc. # 16) is granted. If Thomas wishes to maintain an action against Nienhuis, he has until May 22, 2017, to properly serve Nienhuis under Rule 4.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of May, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE