UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DERREL LEONARD THOMAS

    Plaintiff

v.                                   Case No.:      8:16-cv-03482-VMC-AEP

SHANE DERRYBERRY, JOSH CALDWELL,
JEFF MCDOUGAL, in individual and
official capacity as Brooksville
Police OFFICERS, CITY OF
BROOKSVILLE official capacity,
AL NIENUIS, in his official capacity,
as Hernando County Sheriff, Charles
HELM, official capacity, STATE ATTORNEY
OFFICE.

    Defendant.

_____/


**DEFENDANTS, SHANE DERRYBERRY, JOSH CALDWELL, AND JEFF
MCDOUGAL'S MOTION TO SET ASIDE DEFAULT AND MOTION TO QUASH
SERVICE OF PROCESS AND MEMORANDUM OF LAW**

      COMES NOW, Defendants, SHANE DERRYBERRY, JOSH CALDWELL, and JEFF

MCDOUGAL, by and through the undersigned counsel and in accordance with Rules 55(c) and 4

of the Federal Rules of Civil Procedure, and hereby respectfully requests this Honorable Court

set aside the Clerk's Entry of Default against each respective Defendant and quash the alleged

Service of Process regarding each Defendant.  As grounds in support thereof, the Defendants,

SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL would state the

following:

      1.      On or about April 13, 2017, the Plaintiff, DERREL LEONARD THOMAS , filed

            an Amended Complaint (Dkt. #15), against the Defendants, SHANE

DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL, in individual and official capacity as Brooksville police officers.

2.  The Amended Complaint (Dkt #15) alleges, *inter alia*, that Defendants, SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL CITY OF BROOKSVILLE, committed acts under color of law, which deprived Plaintiff of his liberty, property, person, rights, privileges and immunities secured under the Constitution of the United States in violation of his Civil Rights, specifically 42 U.S.C. § 1983.

3.  On May 1, 2017, the undersigned counsel communicated with Captain Richard Hankins of the CITY OF BROOKSVILLE Police Department and confirmed that none of the individual officers had been served with Plaintiff's Amended Complaint (Dkt #15).

4.  On May 8, 2017, the undersigned counsel, retained to represent both the CITY OF BROOKSVILLE and its individual officers, filed a Motion to Dismiss (Dkt #17) on behalf of the CITY OF BROOKSVILLE upon verification that service of process had been attained on the CITY OF BROOKSVILLE on April 18, 2017.

5.  On May 9, 2017, this Honorable Court entered an Order (Dkt #18) instructing the Plaintiff to file proof of service once a defendant is served and established a deadline of May 22, 2017 to accomplish this.

6.  On May 11, 2017, the Plaintiff filed (posted on May 12, 2017) an alleged return of service regarding Defendant, JEFF MCDOUGAL (Dkt #23). The alleged Service of Process indicates that the individual officer was served via the City Clerk on April 18, 2017.

7.      On May 11, 2017, the Plaintiff filed (posted on May 12, 2017) an alleged return of service regarding Defendant, SHANE DERRYBERRY (Dkt #24).  The alleged Service of Process indicates that the individual officer was served via the City Clerk on April 18, 2017.

8.      On May 11, 2017, the Plaintiff filed (posted on May 12, 2017) an alleged return of service regarding Defendant, JOSH CALDWELL (Dkt #25).  The alleged Service of Process indicates that the individual officer was served via the City Clerk on April 18, 2017.

9.      Each summons to the Defendants (Dkt's #23, 24, and 25),  SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL allege a date of service of April 18, 2017, to a Virginia Wight, City Clerk, making a responsive pleading due on May 9, 2017.

10.    Despite being on the electronic service list, the undersigned counsel was out of the office not made aware of the May 11, 2017 filing of the alleged summonses in compliance with the Order of this Honorable Court dated May 9, 2017 (Dkt #18).

11.    On May 22, 2017, the undersigned counsel was able to verify with the CITY OF BROOKSVILLE Police Department that none of the individually named officers had been served by :

      A)      Delivering a copy of the summons and of the complaint to the individual personally;

      B)      Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

C)       delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

12.     On May 19, 2017, the Plaintiff file his Motion for Entry of Clerk Default against Defendants,  SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL (Dkt #29).   Said Motion was not posted until 4:07 P.M. on May 22, 2017.

13.     Immediately thereafter, on May 22, 2017 at 4:09 PM, 4:09 P.M., and 4:10 P.M. respectively the Clerk entered Defaults against each of the individual Defendants, SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL (Dkt.'s 31, 32, and 33).

14.     Without being aware of alleged service, the Defendants,  SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL , could not be expected to file a responsive pleading by May 9, 2017 deadline established by Rule 12 Federal Rules of Civil Procedure.

15.     The undersigned counsel was in process of preparing and filing a Motion to Quash Service when served with the Plaintiff's Motion for Entry of Default and immediate Orders after verification that no actual service of process had been achieved.

WHEREFORE, under the best of circumstance an Entry of Default was entered a mere 10 days after the Defendants,  SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL, became aware of alleged valid service of process, the Defendants,  SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL, request that this Honorable Court find that the Defendants,  SHANE DERRYBERRY, JOSH CALDWELL, and JEFF

MCDOUGAL, have demonstrated that good cause has been shown regarding insufficiency of service of process, and the confusion over potential deadlines to enter an appearance and file a responsive pleading and respectfully request this Honorable Court vacate the Clerk Default and enter an Order quashing service of process on individual Defendants, SHANE DERRYBERRY, JOSH CALDWELL, and JEFF MCDOUGAL.

## MEMORANDUM OF LAW

The Court may set aside an entry of default for good cause. Rule 55(c) Fed. R. Civ. P. Defaults and default judgments are disfavored, since they are inconsistent with the federal courts' preference for resolving disputes on their merits. *See* Harvey v. United States, 685 F.3d 939 (10th Cir. 2012). *See also* Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948 (11th Cir. 1996).

In Compania, the court held,

"`Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one — but not so elastic as to be devoid of substance." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Id. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Rafidain Bank, 15 F.3d at 243; *see also* Robinson v. United States, 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g.*, Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is

that they be regarded simply as a means of identifying circumstances which warrant the finding of `good cause' to set aside a default." Id. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194-95 (6th Cir. 1986).

Motions for relief from both defaults and default judgments are considered liberally. *See e.g.* Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413 (4th Cir. 2010). These motions are often granted. *See e.g.* Indigo America, Inc. v. Big Impressions, LLC, 597 F.3d 1 (1st Cir. 2010).

In the present case, counsel for the Defendant, Shane Derryberry, Josh Caldwell, and Jeff McDougal, verified on several occasions that personal service had yet to be achieved on Defendants, but once became aware that the Plaintiff was alleging proper service, began to prepare a meritorious defense including an initial responsive pleading to Quash the Service. Unbeknownst to counsel for the individual defendants, the Plaintiff had served a Motion for default, in response to the Court's deadline for plaintiff action, that was not served directly to counsel, and only posted on May 22, 2017, immediately before the Clerk's entry. The Defendants have demonstrated that the failure to respond to Plaintiff's Amended Complaint or Motion for Entry of Clerk Default was not willful or culpable, that the Defendants have acted swiftly to remedy the default, that there are meritorious defenses, and that there will be no prejudice to Mr. Thomas should the default be lifted.

In regards to the Defendants motion to Quash Service, the Plaintiff has named each officer individually and in their official capacity. Each is employed by the City of Brooksville Police Department as a law enforcement officer as defined in § 112.531 Fla. Stat.

Each summons indicates that it was served on Virginia Wight, City Clerk rather than the individually named officers. Rule 4(e) of the Federal Rules of Civil Procedure provides:

(e) **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Proper service was not attained on any of the individual-named defendants, Shane Derryberry, Josh Caldwell, and Jeff McDougal as they were not served in person, at their abode or via an agent authorized to receive service of process on behalf of the City of Brooksville police officers.

Courts recognize that *pro se* plaintiffs are afforded leniency in their pleadings, but still must comply with the procedures set forth in the Federal Rules of Civil Procedure. *See* Trawinski v. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff has not met his burden to prove service was effective.

In Conclusion, the individual defendants, Shane Derryberry, Josh Caldwell, and Jeff McDougal, respectfully request this Honorable Court vacate the Clerk's Default entered against each and rule that Service of Process was not proper on the individual-named defendants.

Respectfully submitted,

/s/  Sean M. Conahan

Sean M. Conahan, Esq.
Florida Bar No.: 0468878
**eservicetpa@fulmerleroy.com**
**sconahan@fulmerleroy.com**
Susan K. Mazuchowski, Esq.
Florida Bar No.: 0091188
**smazuchowski@fulmerleroy.com**

FULMER, LEROY & ALBEE, PLLC
*Attorneys for Defendant CITY OF BROOKSVILLE*
11300 4th Street North, Suite 100
St. Petersburg, Florida 33716
Phone: (727) 217-2500
Fax:    (727) 217-2501

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above, has been sent by U.S. Mail to Derrel Leonard Thomas, pro se, 821 Moonlight Lane, Brooksville, Florida 34601, and by electronic service to the Clerk of The United States District Court this <u>8th</u> day of May, 2017.

      /s/  Sean M. Conahan

Sean M. Conahan, Esq.
Florida Bar No.: 0468878
**eservicetpa@fulmerleroy.com**
**sconahan@fulmerleroy.com**
Susan K. Mazuchowski, Esq.
Florida Bar No.: 0091188
**smazuchowski@fulmerleroy.com**

FULMER, LEROY & ALBEE, PLLC
*Attorneys for Defendant CITY OF BROOKSVILLE*
11300 4th Street North, Suite 100
St. Petersburg, Florida 33716
Phone: (727) 217-2500
Fax:    (727) 217-2501