UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL LEONARD THOMAS,

    Plaintiff,

v.                              Case No. 8:16-cv-3482-T-33AEP

SHANE DERRYBERRY, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant City of Brooksville's Motion to Dismiss (Doc. # 17), filed on May 8, 2017. Plaintiff Derrel Leonard Thomas, who is proceeding pro se, filed his "Objection to Defendant's Motion to Dismiss First Amended Complaint," which the Court construes as Thomas's response in opposition, on May 18, 2017. (Doc. # 30). For the reasons below, the Court dismisses the Amended Complaint with leave to amend.

**I.   Background**

Thomas alleges that on August 4, 2016, he had a verbal argument with one of his neighbors, which resulted in that neighbor calling the police. (Doc. # 15 at ¶¶ 7, 8). When Defendant Officers Shane Derryberry, Josh Caldwell, and Jeff

1

McDougal arrived at the scene, Thomas was sitting in his garage. (Id. at ¶ 8). After speaking with the neighbor, who is not identified in the Amended Complaint, McDougal and Derryberry walked up Thomas's driveway. (Id. at ¶ 9). Thomas exited his garage and met the officers on the driveway. (Id. at ¶ 10).

As Thomas was attempting to explain what happened, "the Officers" (the Amended Complaint is not specific as to which of the three officers Thomas is referring, but presumably Thomas is referring to McDougal and Derryberry) threw Thomas to the ground and handcuffed him. (Id. at ¶ 10). Thomas asked why he was being arrested and McDougal responded that Thomas was being arrested for disorderly intoxication and resisting arrest without violence. (Id. at ¶ 11). Thomas alleges that "the officers" (again, the Amended Complaint is not specific as to which of the officers Thomas is referring) never saw Thomas drinking and did not administer a breathalyzer test. (Id. at ¶ 12).

Thomas was transported to the Hernando County Detention Center (Id. at ¶¶ 3, 13). "When [he] arrived at the jail, [Thomas] was stating the [il]legality of his arrest and racial discrimination." (Id. at ¶ 13). Eventually, Thomas was placed

2

in a restraining chair, although he alleges he was not violent toward any detention deputy. (Id. at ¶ 14). Thomas was then held in confinement without access to a television or a phone for almost sixteen hours. (Id. at ¶ 15). As a result of the chair's restraints, Thomas alleges he lost feeling in his left hand for two months. (Id. at ¶ 16). After being released, Thomas spoke with a person identified by Thomas as "inspector Faulkingham." (Id. at ¶ 17). According to the Amended Complaint, this inspector informed Thomas that, after reviewing the recordings, he "did not see [Thomas] do anything wrong to be put in the restraining chair." (Id.).

The disorderly intoxication charge and the resisting without violence charge were both dismissed. (Id. at ¶¶ 24, 25). Thomas now brings suit under 42 U.S.C. § 1983 against Derryberry, Caldwell, and McDougal for allegedly violating his First, Fourth, and Fourteenth Amendment rights. (Id. at ¶¶ 28, 29). Thomas also asserts a claim under the Civil Rights Act of 1964 for racial discrimination against Derryberry, Caldwell, and McDougal. (Id. at ¶ 30). In addition, Thomas brings a § 1983 claim against Hernando County Sheriff Al Nienhuis for alleged violations of the First and Eighth Amendments (Id. at ¶ 31), a § 1983 claim against Assistant

State Attorney Charles Helm for an alleged violation of the Fourteenth Amendment (Id. at ¶ 32), and a § 1983 claim against the City of Brooksville for an alleged violation of the Fourteenth Amendment (Id. at ¶ 33).

The City of Brooksville has moved to dismiss. (Doc. # 17). Thomas has responded in opposition. (Doc. # 30). For the reasons below, the Amended Complaint is dismissed without prejudice and Thomas is granted leave to amend.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

**III. Analysis**

    **A.    Shotgun Pleading**

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted). Furthermore, courts are under an independent obligation to order a repleader when faced with a shotgun pleading. McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2

(M.D. Fla. Jan. 14, 2009) (citing <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1133 (11th Cir. 2001)).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts . . ."; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Here, the Amended Complaint is a shotgun pleading. The Amended Complaint does not separate the different claims to relief into different counts. For example, paragraph 28 of the Amended Complaint brings two claims (a § 1983 claim for an alleged free speech violation and a § 1983 claim for an alleged violation of the Fourth Amendment) against three Defendants. (Doc. # 15 at ¶ 28). If Thomas files a second

6

amended complaint, he must separate each cause of action or claim to relief into a different count. In addition, Thomas should specify which facts support which claims to relief. So, for example, facts relating to the false arrest claim against the Defendant police officers should not be included in the Eighth Amendment claim against Neinhuis.

**B.  Claim against the City of Brooksville**

It is well-established that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997). Rather, to recover damages from a local governmental entity, such as a municipality or a city, under § 1983, a plaintiff must show: "(1) that [his] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir.2004) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)); see also Stephens v. Levens, No. 8:15-cv-2219-T-33AEP, 2015 WL 5872593, at *3 (M.D. Fla. Oct. 5, 2015).

A plaintiff seeking to impose liability on a municipality under § 1983 must identify a particular

municipal "policy" or "custom" that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., 520 U.S. at 403.

> A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law.

Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999) (quoting Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)); see also Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). The plaintiff must show that the municipality's policy or custom was the "moving force" that caused the constitutional violation in order to establish § 1983 liability. McElligott v. Foley, 182 F.3d 1248, 1259 (11th Cir. 1999); Young v. City of Augusta, Ga., 59 F.3d 1160, 1171 (11th Cir. 1995).

An inadequate training program can also be the basis for § 1983 liability in limited circumstances where the municipality adhered to an approach that failed to prevent tortious conduct by employees. Bd. of Cty. Comm'rs of Bryan Cty., 520 U.S. at 407 (citing City of Canton, 489 U.S. at 387–390). "A pattern of tortious conduct by employees can show that the lack of proper training constituted the 'moving

force' behind the plaintiff's alleged injury." Miller v. City of Tampa, No. 8:10-cv-487-T-33EAJ, 2011 WL 2631974, at *2 (M.D. Fla. July 5, 2011) (citing Bd. of Cty. Comm'rs of Bryan Cty., 520 U.S. at 407–408; Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288 (11th Cir. 2009)).

The Amended Complaint mentions the City of Brooksville only twice: once when alleging the City is being sued in its "official capacity[] for upholding wrongdoing of its[] officers . . ." and once when alleging the City "violated the Fourteenth Amendment . . ., citizenship rights and equal protection of the law based on race . . . ." (Doc. # 15 at 2, 9). Even assuming, without deciding, that Thomas alleges enough facts to show a constitutional violation by the City's employees, there is no allegation in the Amended Complaint that the City has a custom or policy that was the motivating force behind the putative violation, or that the City failed to properly train its officers.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant City of Brooksville's Motion to Dismiss (Doc. # 17) is **GRANTED.**

(2) The Amended Complaint (Doc. # 15) is **DISMISSED WITHOUT**

**PREJUDICE**. Thomas may file a second amended complaint by **June 23, 2017**. If Thomas files a second amended complaint, he must conform to the pleading requirements of the Federal Rules of Civil Procedure and cure the defects addressed herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of May, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE