UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL LEONARD THOMAS,

    Plaintiff,

v.                                 Case No. 8:16-cv-3482-T-33AEP

SHANE DERRYBERRY, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Shane Derryberry, Josh Caldwell, and Jeff McDougal's Motion to Set Aside Default and Motion to Quash Service of Process (Doc. # 34), filed on May 23, 2017. Pro se Plaintiff Derrel Leonard Thomas filed a document titled "Plaintiff Derrel Leonard Thomas, Pro-se, Objects to Set Aside Default and to Quash Service of Process and Memorandum of Law," which the Court construes as Thomas's response in opposition, on June 1, 2017. (Doc. # 39). For the reasons stated, the Court grants Derryberry, Caldwell, and McDougal's Motion.

**Discussion**

    **A.    Setting Aside Clerk's Default**

A district court can set aside a clerk's default "for

good cause shown." Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996).

The Eleventh Circuit has noted that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). Moreover, "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Id.

In determining whether to set aside a Clerk's entry of default, courts generally consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A., 88 F.3d at 951. Additional factors include: (4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the

defaulting party acted promptly to correct the default. See Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC, No. 09-cv-60756, 2010 WL 331905, at *4 (S.D. Fla. Jan. 28, 2010). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. (citation omitted).

The Court twice before explained to Thomas the requirements of Rule 4. (Doc. ## 13, 18). The latter of those two orders, entered on May 9, 2017, set a deadline for completing and proving service of process as May 22, 2017. (Doc. # 18). On May 11, 2017, Thomas filed several documents purporting to be returns of service. (Doc. ## 21-25). In particular, Thomas filed documents attempting to show service of process had been completed as to Derryberry, Caldwell, and McDougal. (Doc. ## 23-25). Each document shows the Defendant named therein was "served" on April 18, 2017, by Thomas's wife delivering a copy of the summons to a Virginia Wright,[1]

---

[1] The hand writing on these returns of service (Doc. ## 23-25) is hard to read. The last name of the woman identified in the returns of service could either be Wright or Wight. But, the difference is inconsequential because, whatever her last name, the person served was not Derryberry, Caldwell, or McDougal.

who is identified as a city clerk. (Doc. ## 23-25).

With service purportedly effected on April 18, 2017, Derryberry's, Caldwell's, and McDougal's responses to the Amended Complaint were due by May 9, 2017. Fed. R. Civ. P. 12(a). When no responses were filed by Derryberry, Caldwell, and McDougal and Thomas had not applied for entry of Clerk's Default, the Court entered an order to show cause why the action against Derryberry, Caldwell, and McDougal should not be dismissed for failure to prosecute. (Doc. # 28). After the Court entered its show cause order on May 22, 2017, the Clerk's Office docketed a mailed-in application for entry of Clerk's Default against Derryberry, Caldwell, and McDougal, which had been received on May 19, 2017. (Doc. # 29). The Clerk entered default against Derryberry, Caldwell, and McDougal on May 22, 2017. (Doc. ## 31-33).

The very next day, on May 23, 2017, Derryberry, Caldwell, and McDougal moved to set aside the Clerk's Defaults. (Doc. # 34). In their Motion, defense counsel states he "communicated with Captain Richard Hankins of the CITY OF BROOKSVILLE Police Department and confirmed that none of the individual officers [, i.e., Derryberry, Caldwell, and McDougal,] had been served with Plaintiff's Amended

4

Complaint." (Id. at ¶ 3). Defense counsel also states he "was out of the office" and thus was "not made aware of the May 11, 2017 filing of the alleged summonses." (Id. at ¶ 9). Furthermore, defense counsel indicates he was in the process of preparing motions to quash service when he learned of the entry of Clerk's Default against Derryberry, Caldwell, and McDougal. (Id. at ¶ 15).

Rather than challenging the sufficiency of Defendants' showing of good cause, Thomas argues Derryberry, Caldwell, and McDougal waived the ability to challenge service of process. (Doc. # 40). Thomas's argument as to waiver does not persuade the Court. While a party does waive the defense of insufficient service of process if that party fails to raise the defense in a Rule 12 motion or in a responsive pleading, Fed. R. Civ. P. 12(h)(1), that Rule does not apply here. To be sure, the very first filing submitted by Derryberry, Caldwell, and McDougal in this case was their pending Motion to set aside, which also challenges the sufficiency of service of process.

As explained more fully below, service of process was not properly completed as to Derryberry, Caldwell, and McDougal. In addition, the record demonstrates Derryberry,

5

Caldwell, and McDougal promptly acted through counsel when they learned of the Clerk's Defaults; indeed, not even a full day passed before they sought to set aside the Defaults. Having considered the previously mentioned six factors, the Court determines setting aside the Clerk's Defaults is proper. As such, the Clerk's Defaults against Derryberry (Doc. # 31), Caldwell (Doc. # 32), and McDougal (Doc. # 33) are set aside.

**B.  Quashing Service of Process**

On April 18, 2017, Thomas's wife delivered the summonses for Derryberry, Caldwell, and McDougal to a person identified as Virginia Wright, a city clerk. (Doc. ## 23-25). Derryberry, Caldwell, and McDougal now seek an order from this Court quashing service, that is, an order declaring service has not been properly accomplished.

Rule 4 prescribes that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Anyone who is at least eighteen years old and a nonparty may serve the "summons and complaint." Fed. R. Civ. P. 4(c)(2). When serving an individual within a judicial district of the United States, as is the case here, Rule 4 provides for two primary methods of serving: (1) following the law of the state where the

district court is located, Fed. R. Civ. P. 4(e)(1), or (2) by one of three means expressly listed, Fed. R. Civ. P. 4(e)(2).

As to the applicable state law under Rule 4(e)(1), Florida law applies because this Court sits in Tampa, Florida. Section 48.031, Fla. Stat., prescribes the manner by which service must be made. Section 48.031 states that service of process is

> made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a). For its part, Rule 4(e)(2) allows service to be accomplished by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C).

In this case, the record shows service was not properly accomplished. To begin, the returns of service filed by Thomas evince that someone other than Derryberry, Caldwell, and

7

McDougal was given the summonses. (Doc. ## 23-25). Thus, there was not personal service. In addition, each return of service shows the location of service as Brooksville's City Hall. (Doc. ## 23-25). Therefore, service was not made by leaving a copy of the summons and operative complaint at the Defendants' respective usual places of abode. And there is no indication in the record that this Virginia Wright was authorized by Derryberry, Caldwell, and McDougal to act as their agent and accept service of process on their behalves.

The Court also notes the deadline for effecting service of process—May 22, 2017—has passed and Thomas failed to properly serve Derryberry, Caldwell, and McDougal even though the Court explained the requirements imposed by Rule 4 and sua sponte granted Thomas an extension of time to complete service of process. In fact, Thomas had a total of 150 days to complete service of process. As the May 22, 2017, deadline for completing service of process has expired and service has not been completed as to Derryberry, Caldwell, and McDougal, Thomas is directed to **show cause by June 16, 2017**, why the action against Derryberry, Caldwell, and McDougal should not be dismissed pursuant to Rule 4(m). Failure to do so will result in dismissal of the action against Derryberry,

Caldwell, and McDougal without further notice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Shane Derryberry, Josh Caldwell, and Jeff McDougal's Motion to Set Aside Default and Motion to Quash Service of Process (Doc. # 34) is **GRANTED.**

(2) The Clerk's Defaults against Derryberry, Caldwell, and McDougal (Doc. ## 31-33) are **SET ASIDE.**

(3) The returns of service purporting to prove service of process as to Derryberry, Caldwell, and McDougal (Doc. ## 23-25) are **QUASHED.**

(4) As the May 22, 2017, deadline for completing service of process has expired and service has not been completed as to Derryberry, Caldwell, and McDougal, Thomas is directed to **show cause by June 16, 2017**, why the action against Derryberry, Caldwell, and McDougal should not be dismissed pursuant to Rule 4(m). Failure to do so will result in dismissal of the action against Derryberry, Caldwell, and McDougal without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of June, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE