UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL LEONARD THOMAS,

    Plaintiff,

v.                        Case No. 8:16-cv-3482-T-33AEP

SHANE DERRYBERRY, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Derrel Leonard Thomas's Motion for Recusal of Trial Judge (Doc. # 51), filed on June 6, 2017. Plaintiff filed two notices of appeal on June 8, 2017. (Doc. ## 48, 49). This motion was deferred until the appeal was resolved. (Doc. # 52). Plaintiff's appeal was dismissed for lack of jurisdiction on March 27, 2018, and this case was returned to active status. (Doc. # 62). For the reasons stated below, Plaintiff's Motion is denied.

**Discussion**

Under 28 U.S.C. § 455, a United States justice, judge or magistrate judge must "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The purpose of this statute is to "to promote confidence in

the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988).

Section 455(a) embodies an objective standard. Parker v. Connors Steel Co., 855 F.2d 1510, 1523-24 (11th Cir. 1988). In determining whether a judge should disqualify himself, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Id. "[A]ny doubts must be resolved in favor of recusal." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). However, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." In re Moody, No. 13-12657, 2014 WL 948510, at *3 (11th Cir. Mar. 12, 2014)(quoting United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986)).

Plaintiff's Motion contains unsupported and highly tenuous speculation. Plaintiff claims, with no support, that the undersigned allowed "defendants to lie in this case." (Doc # 51 at 2). Plaintiff also claims, again with no support, that the undersigned has sided with Defendants by quashing service. (Id. at 1). But this action by the Court was not one

2

of bias; rather, it was required under Rule 4. Plaintiff has repeatedly failed to serve multiple Defendants in this case. (Doc. # 42). Rule 4 permits service to be accomplished under applicable state law or by one of three methods. Fed. R. Civ. P. 4(e). Section 48.031, Fla. Stat., prescribes the manner by which service must be perfected in Florida. Section 48.031 states that service of process is

> made by delivering a copy of it to the person to be served with the copy of the complaint, petition, or other initial pleading, or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Additionally, Rule 4(e)(2) allows service to be accomplished by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C).

Plaintiff has not complied with any of the permissible methods of service. Personal service was not made. Plaintiff did not leave a copy of summons and complaint at Defendants' usual places of abode. There is no indication that the

3

individual that was given the summons was an authorized agent of the Defendants, as required by law. The undersigned has fairly applied the law requiring proper service of process.

Furthermore, the undersigned has given Plaintiff repeated chances to correctly serve Defendants. The Court sua sponte gave Plaintiff an extra 60 days to serve the Amended Complaint. (Doc. # 6). Also, rather than dismiss outright for failure to serve, the Court provided Plaintiff with an opportunity to show cause as to why the action should not have been dismissed against various Defendants who had not yet been served. (Doc. ## 36, 42, 64).

In short, the undersigned has not shown bias and prejudice to either Plaintiff or Defendants in this case. The Order quashing service of which Plaintiff complains was the result of Plaintiff's repeated failure to execute service of process as required by the Federal Rules of Civil Procedure. Despite Plaintiff's arguments, the undersigned actions in this case would not cause a reasonable person to question her impartiality. Accordingly, Plaintiff's Motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Derrel Leonard Thomas's Motion for Recusal of Trial Judge (Doc. # 51) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of April, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE